DEANNA M. TRACI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Traci v. Commissioner
Docket No. 1075-91
United States Tax Court
T.C. Memo 1992-708; 1992 Tax Ct. Memo LEXIS 788; 64 T.C.M. (CCH) 1515; December 15, 1992, Filed *788 Decision will be entered for petitioner. For Petitioner: B. Gray Gibbs. For Respondent: James F. Kearney. PATE
PATE
MEMORANDUM FINDINGS OF FACT AND OPINION PATE, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Deanna M. Traci (hereinafter petitioner) filed a joint income tax return for 1987 with her husband, Louis J. Traci (hereinafter Traci). [2] On October 15, 1990, in a notice of deficiency issued solely to petitioner, respondent determined a deficiency in her 1987 Federal income taxes of $ 1,657 and additions to tax for negligence of $ 83, plus 50 percent of the interest due on $ 1,657. [3] The issues for our decision are: (1) Whether petitioner must include $ 10,911 in discharge of indebtedness income in gross income for 1987, and (2) if so, whether petitioner was negligent *789 in failing to report such income. Some of the facts have been stipulated and are so found. The Stipulation of Facts and attached exhibits are incorporated herein by this reference. At the time she filed her petition, petitioner resided in Clearwater, Florida. FINDINGS OF FACT Traci is a dental technician and has worked as such since 1966. During 1985 and 1986, he was employed by Traci Dental Labs, Inc. (hereinafter the company). During the course of his employment, Traci borrowed a total of $ 10,911 from the company. Since its inception, Traci has owned a 45-percent interest *790 in the company. Sometime during 1987, upon demand from the majority shareholders, Traci left the company, surrendering his position as an officer, director, and employee. He did not receive any money for his stock, but the company forgave the full amount of his debt to it. After discontinuing its business, the company was dissolved on November 16, 1987. Subsequent to his termination from the company, Traci borrowed money to begin a new company, Lou Dental Labs. Although he owned at least some of the stock, Lou Dental Labs apparently assumed the debt Traci incurred for its initial capitalization. On October 28, 1988, Traci filed a petition in bankruptcy, pursuant to Chapter 7 of the United States Bankruptcy Code, listing as "unknown" the value of his ownership interest. During 1987, Traci was supporting eight children, one that he had with petitioner and seven from a previous marriage which had ended during 1985. Seven of the children resided with his former wife, Juanita Traci (hereinafter Juanita) to whom Traci was obligated to pay child support of between $ 1,000 and $ 1,600 per month. Prior to the year in issue, Traci had purchased, with his former spouse Juanita, a house *791 on Sligh Avenue. He and petitioner resided in the Sligh Avenue house after their marriage. In May 1987, the first mortgagee foreclosed and was awarded a judgment for the unpaid principal balance of $ 45,051 plus interest and fees of $ 9,577. On November 4, 1987, the second mortgagee received a judgment of $ 15,825. Afterward, the Sligh Avenue house was purchased by the first mortgagee at the foreclosure sale. Petitioner claims the house was worth $ 47,500 at the time of the foreclosure but, other than Traci's opinion, offered no proof of this valuation. Traci and petitioner then moved into a house on Levern Street, which Traci claims petitioner purchased with the financial assistance of her father. On their 1987 income tax return, petitioner and Traci deducted real estate taxes of $ 496 and home mortgage interest of $ 5,746. Toward the end of 1987, Traci owned clothes worth $ 100, furniture worth $ 500, and a 1982 Buick Skylark worth $ 2,000. [4] He had purchased the Buick from Bond Auto Sales in a transaction in which the purchase price was financed by the seller. In addition, in late 1987, Traci obtained an unsecured personal loan from Associates Finance for approximately *792 $ 1,200, on which he made payments of $ 100 per month. The parties agree that Traci realized $ 10,911 in discharge of indebtedness income in 1987. However, petitioner argues that Traci was insolvent at the time his debt to the company was discharged and, therefore, the $ 10,911 of income resulting therefrom is not includable in her gross income. On the other hand, respondent contends that Traci has not established that he was insolvent at that time. [5]
OPINION In general, gross income includes income from the *793 discharge of indebtedness. Sec. 61(a)(12). However, gross income does not include discharge of indebtedness income if the discharge occurs when the taxpayer is insolvent. Sec. 108(a)(1)(B). Further, the amount of discharge of indebtedness income excluded from gross income may not exceed the amount of the taxpayer's insolvency. Sec. 108(a)(3). A taxpayer is insolvent when his liabilities exceed the fair market value of his assets immediately before the discharge. Sec. 108(d)(3). The burden of establishing that the insolvency exception applies is upon petitioner. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Although the record in this case is extensive, at best, it can only be characterized as incomplete. Consequently, it is difficult to come to any clear conclusion as to Traci's net worth. However, we are convinced that the preceding facts found by us, as incomplete as they may be, are the only ones sufficiently supported by the record. Based on those facts, and only those facts, we conclude that Traci was insolvent at the time his debt to the company was discharged. First, we find that Traci owned the 1982 Buick, furniture, and *794 a few items of clothing, assets worth a total of $ 2,600. We conclude that he did not own any interest in the Levern Street house as respondent contends because Traci probably could not have qualified for the mortgage thereon at the time that house was purchased. Consequently, we accept Traci's explanation that petitioner purchased that house with her father's financial assistance. Moreover, we agree with petitioner that the value of Traci's stock in Lou Dental Labs was negligible because the debt Traci incurred to finance the founding of the company had been assumed by it, there is no evidence that Traci invested any substantial amount of capital of his own, and the company was too new to have accumulated assets or to have developed goodwill from its own operations. With regard to Traci's liabilities, the parties acknowledge that, in addition to his debt to Traci Dental Labs, Inc. of $ 10,911, Traci owed Associates Finance $ 1,200 and Bond Auto Sales $ 2,000. In addition, petitioner argues that Traci owed substantial amounts to the mortgagees of the Sligh Avenue house. However, the extent of his liability to the mortgagees of the Sligh Avenue house cannot be determined from *795 this record. There is no evidence that a deficiency decree was issued against him after the foreclosure, and because the first mortgagee received the house in the foreclosure sale, the original liability must have been substantially reduced. Because the record fails to reveal the extent of that reduction, we have ignored the alleged Sligh Avenue house liabilities in our decision. After taking these facts into account, it is clear that Traci's liabilities exceeded his assets (just before his debt to Traci Dental Labs was discharged) to such an extent that he need not recognize any discharge of indebtedness income. We so hold. Nevertheless, on brief, respondent argues vehemently that petitioner has failed to prove the extent of Traci's assets at the time his debt was discharged and, therefore, is not entitled to exclude his discharge of indebtedness income. However, in arguing this position, respondent relies on the inconsistencies in and the vagueness of Traci's testimony. Although we would prefer to have had Traci's testimony confirmed or contradicted by additional documentary evidence, the parties chose not to submit such evidence for our consideration. Without it, we are *796 left with the firm conviction that Traci simply did not own enough assets to exceed his liabilities after his debt to Traci Dental Labs was discharged. Based on the foregoing, [6]
Decision will be entered for petitioner. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Deanna M. Traci and Louis J. Traci were married in 1986 and separated in 1988.↩
3. Respondent did not issue a notice of deficiency to petitioner's husband because, on August 2, 1990, he had executed a Form 870, Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment. Prior to trial, Traci fully paid the deficiency in question, but has stated that he intends to file a claim for a refund.↩
4. Prior to acquiring the Buick, Traci owned a Chevrolet which was repossessed early in 1987.↩
5. At trial, petitioner did not submit any evidence of her own net worth. However, respondent has conceded that petitioner's net worth need not be taken into account in determining whether Traci was insolvent at the time his debt was discharged.↩
6. Having found that there is no underpayment in petitioner's income tax, it follows that the additions to tax for negligence do not apply. Sec. 6653(a).↩